# FINNEY v. DISTRICT OF COLUMBIA.

MUNICIPAL CORPORATIONS; STREETS AND SIDEWALKS; EVIDENCE; APPEAL AND ERROR.

1. In an action against a municipality for injuries received by the plaintiff in stepping into a tree space in a sidewalk, evidence by the defendant is admissible to show that the space in question was left in the sidewalk in pursuance of a general plan for the propagation of trees throughout the city, and that, as part of the plan, the surface of tree spaces is left lower than the surrounding curb and walk, for the purpose of conserving moisture to aid the growth of the trees; but whether such a plan, based upon a long-established custom, actually exists, is a question of fact for the jury.

2. A tree space in a city sidewalk is not a part of the sidewalk, or intended to be used as such, but such a space must be so maintained by the municipality as not to be a menace to the safety of pedestrians.

3. Where, in an action against a municipality to recover damages for injuries received by the plaintiff in stepping into a tree space in the sidewalk, the surface of the space being from 3 to 6 inches below the level of the adjacent curb and sidewalk, the defense is that the space was left in the sidewalk in pursuance of a general plan for the propagation of trees throughout the city; and that, as a part of the plan, the surface of the tree spaces was left lower than the surrounding curb and sidewalk for the purpose of conserving moisture to aid the growth of the trees; and that the depth of the spaces varied according to the needs of the trees,—evidence offered by the plaintiff by a witness who had made measurements of other tree spaces in the city is properly excluded. (Citing *District of Columbia* v. *Duryea*, 29 App. D. C. 327, and *District of Columbia* v. *Pierce*, 44 App. D. C. 126.)

4. Error cannot properly be predicated upon the refusal by the trial court of prayers for an instruction, where the subject-matter of them is covered in all material respects by the court's charge to the jury.

Nos. 3023 and 3024. Submitted October 5, 1917. Decided November 12, 1917.

---

NOTE.—On the question of liability of municipal corporation for defects or obstruction on streets, generally, see comprehensive note in 20 L.R.A. (N.S.) 513

HEARING on an appeal by the plaintiffs from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action against the District of Columbia to recover damages for alleged personal injuries.                      *Affirmed.*

The facts are stated in the opinion.

*Mr. Chas. H. Merillat,* for the appellants, in his brief cited:

*Augusta* v. *Tharpe,* 113 Ga. 153; *Buchanan* v. *Duluth,* 40 Minn. 402; *Blodgett* v. *Royalton,* 17 Vt. 40; Bouvier's Dict. Plan; *Burke* v. *District of Columbia,* 42 App. D. C. 438–441; *Barnes* v. *District of Columbia,* 91 U. S. 540–556; *Baltimore* v. *Merryman,* 86 Md. 584; *Barton* v. *Syracuse,* 36 N. Y. 54; *Bryant* v. *Biddeford,* 39 Me. 193; *Brush* v. *New York,* 59 App. Div. 12, 69 N. Y. Supp. 51; *Manchester* v. *Ericsson,* 105 U. S. 347; Dill. Mun. Corp. §§ 1165, 1697–1699; *District of Columbia* v. *Woodbury,* 136 U. S. 450; *District of Columbia* v. *Duryee,* 29 App. D. C. 327; *District of Columbia* v. *Aukward* (not yet reported); *District of Columbia* v. *Harper,* 40 App. D. C. 568–575; *District of Columbia* v. *Gray,* 6 App. D. C. 314; *District of Columbia* v. *Fraser,* 21 App. D. C. 154; *Dotey* v. *District of Columbia,* 25 App. D. C. 232; *Emery* v. *Lowell,* 104 Mass. 13; *Flagg* v. *Worcester,* 13 Gray, 601; *Fairgrieve* v. *Moberly,* 39 Mo. App. 31; *Hart* v. *Capital Traction Co.* 35 App. D. C. 502–508; *Hughes* v. *Auburn,* 161 N. Y. 96; *Henderson* v. *Minneapolis,* 32 Minn. 310; *Hitchins* v. *Frostburg,* 68 Md. 100; *Johnston* v. *District of Columbia,* 118 U. S. 19; *Kossman* v. *St. Louis,* 153 Mo. 293; *Merrifield* v. *Worcester,* 110 Mass. 216; *Manning* v. *Springfield,* 184 Mass. 245; *Monongaleha City* v. *Fischer,* 111 Pa. 9; *Morse* v. *Richmond,* 41 Vt. 435; *Pittenger* v. *Hamilton,* 85 Wis. 356; *Richardson* v. *Boston,* 19 How. 263; *Stafford* v. *Oskaloosa,* 57 Iowa, 750; *Springfield* v. *Spence,* 39 Ohio St. 665; *Snow* v. *Adams,* 1 Cush. 443; *Winn* v. *Rutland,* 52 Vt. 481; *Willett* v. *St. Albans,* 69 Vt. 330.

*Mr. Conrad H. Syme,* Corporation Counsel, and *Mr. R. L. Williams,* Assistant, for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

Appellants, Charles L. and Lillian M. Finney, plaintiffs below, husband and wife, brought these suits in the supreme court of the District of Columbia to recover damages for personal injuries sustained by plaintiff Lillian M. Finney on one of the streets in the city of Washington.

It appears that during the forenoon of September 25, 1915, at Ninth and F streets, northwest, where the traffic is very heavy, plaintiff was transferring from a Ninth street car to an F street car when she stepped into a tree space in the sidewalk and fell, sustaining the injuries complained of. The declaration charges the defendant District with negligently maintaining the space in a condition unsafe for use by pedestrians. The tree space in question, in which stood a tree, consisted of an unpaved area about 3 by 6 feet immediately inside of the curb, the surface of which was from 3 to 6 inches below the level of the top of the curb and the concrete sidewalk. From a verdict and judgment in favor of defendant this appeal was taken.

Evidence was adduced on behalf of the District, and over the objection of plaintiff, to the effect that the space in question was left in the sidewalk in pursuance of a general plan for the propagation of trees throughout the city. It was also shown that, as part of the plan, the surface of tree spaces was left lower than the surrounding curb and walk for the purposes of conserving moisture to aid the growth of the trees, and that the depth of the spaces varied according to the needs of the trees. It therefore was urged by counsel for the District that, the creating of tree spaces being part of a general plan, there could be no liability for accidents occurring to pedestrians from defects due to error of judgment in formulating the plan, so long as the plan adopted was a reasonable one. *Johnston* v. *District of Columbia,* 118 U. S. 19, 30 L. ed. 75, 6 Sup. Ct. Rep. 923.

We think no error was committed in the admission of this evidence; nor was there error in giving an instruction to the effect that the tree space was not part of the sidewalk nor intended to be used as such. It was clearly established that it

had been the custom for many years throughout the District to leave spaces in the sidewalks in which trees were planted. An established custom may ripen into a plan which will, by constant usage, become as certain, fixed, and controlling as if mapped out by express official decree. The existence, however, of such an implied plan is a question of fact for the jury. The plan consisted of leaving tree spaces at regular intervals along the sidewalk filled, not to a uniform depth, but to such depth as would best promote the growth of the trees. While the spaces are not part of the sidewalk set apart for travel by the public, they must not be so maintained by the city as to be a menace to the safety of pedestrians. The District owes it to the public to so safeguard the spaces as to prevent accident, either by a reasonably safe general plan of construction and maintenance, or by the erection of barriers about the spaces, which will prevent persons using the sidewalk from stepping into the spaces and being injured. In a private action involving the improper maintenance and construction of a particular tree space, whatever exemption the District may claim from revision by the courts of the exercise of judgment and discretion in the adoption by long-continued usage and custom of an implied general plan for constructing tree spaces throughout the District, it can claim no such relief from liability, if accidents occur as the result of either defective construction or improper maintenance. *Johnston* v. *District of Columbia*, supra. The duty and liability of the District in this respect was submitted to the jury in a charge most favorable to plaintiff.

Error is assigned in the exclusion of the evidence of a witness who had made measurements of other tree spaces in the city of Washington. The ruling was correct. The sole issue involved was the condition of the space in question. *District of Columbia* v. *Pierce*, 44 App. D. C. 126. If it was dangerous it could not be held to conform to any reasonable plan of construction, irrespective of the condition of spaces in other parts of the city. If constructed according to plan, or otherwise, the District could not avoid liability if it was allowed to become dangerous. If the plan adopted was a reasonable one, and the space in question conformed to that plan, the District would

not be liable; but if the plan was not reasonable, or through neglect the space had become dangerous, then the duty of the District would be the same as that imposed upon it with respect to any condition of the street or sidewalk which is permitted to become a menace to the safety of persons traveling thereon. A municipal corporation is liable for personal injuries caused by defects in a lawful obstruction in a street, caused by want of proper supervision. *District of Columbia* v. *Duryee,* 29 App. D. C. 327, 10 Ann. Cas. 675.

The whole issue was one of fact for the jury to determine,— whether or not the plan, as proved, was a reasonable one; whether the space in question conformed to the plan so proved, not to the condition of certain spaces in other parts of the city; whether the space, though found to have been originally constructed according to a reasonable plan, had been permitted by the neglect of the District to become washed and tramped out until it was in a dangerous condition; and whether the plaintiff was guilty of contributory negligence in stepping into a space not intended for use by pedestrians in the manner she did, as disclosed by the evidence. In the comprehensive charge of the court below, these issues were all fully and fairly submitted to the jury.

This leads directly to the remaining assignments of error, which refer to prayers offered by plaintiff, and refused by the court, presuming to define the duty of the District in respect of keeping its streets and sidewalks in safe condition. In all material respects the requests were covered in the court's charge. The prayers were offered upon the theory that the tree spaces are part of the sidewalk intended to be used by pedestrians. The court properly held that the space is not part of the sidewalk, but did fully charge with respect to the duty of the District in construing and keeping the spaces in such condition as not to be or become dangerous to persons using the street or sidewalk. The charge properly stated the law on this point.

The trial was without error, and the judgments are affirmed, with costs.                                        *Affirmed.*