# DISTRICT OF COLUMBIA v. WHITE.

-----

EVIDENCE; PHYSICIAN'S DIAGNOSIS; RELIANCE ON PATIENT'S STATEMENTS; PERSONAL INJURY; HOLE IN PARKING ON STREET; EVIDENCE; ASSIGNMENT OF ERROR; JURORS.

1. A physician's testimony as to a diagnosis after a consultation in a case of personal injury from accident is not inadmissible because it was based in part upon the symptoms and conditions stated by the patient. (Citing *Washington, A. & Mt. V. R. Co.* v. *'incham,* 40 App. D. C. 412, and *Washington & O. D. R. Co.* v. *Slyder,* 43 App. D. C. 95, 99.)

2. An assignment of error to a refusal of the court to strike out testimony justifies the refusal to consider it where the ground of objection was not stated. (Citing *District of Columbia* v. *Duryee,* 29 App. D. C. 327.)

3. Evidence of a police regulation that pedestrians should cross a street

-----

NOTE.—On admissibility of attending or examining physician as affected by source of knowledge, see note in L.R.A.1915A, 1062.

at a right angle, preferably at a regular crossing at the end of a block, is properly refused where the negligence of the pedestrian, if any, was in crossing a parking between the sidewalk and the curb of a street in which ornamental trees had been planted.

4. A variance between a declaration that an accident occurred by falling into a large hole in a sidewalk and evidence that the hole was in a parking or tree space between the sidewalk and the street curb is not ground of reversal, where the cause of the accident and the place of it were clearly proved, so that no surprise can be claimed, and the distinction between the degrees of care required as to the hole in the parking and the one in the paved part of the sidewalk was clearly pointed out.

5. The degree of care of a pedestrian while traveling on or across the parking or tree spaces between the sidewalk and the curb of a street, which is not specially reserved for the use of travel, is greater than is required of him when walking on the paved portion of the sidewalk. (Citing *Dotey* v. *District of Columbia,* 25 App. D. C. 232, 235; *Finney* v. *District of Columbia,* 47 App. D. C. 48; and *Howes* v. *District of Columbia,* 2 App. D. C. 188, 192, 193; distinguishing *District of Columbia* v. *Donaldson,* 38 App. D. C. 259).

6. Misconduct of a juror who, of his own motion during the course of the trial, went to view the place where the accident occurred, more than a year after it happened and when the conditions had changed, is not ground of reversal where it was first raised by motion for a new trial, on the hearing of which the court considered evidence by way of affidavits, and decided that the appellant had not been prejudiced, and this conclusion is concurred in by the appellate court. (Citing *Kelly* v. *Moore,* 22 App. D. C. 9, 29.)

No. 3135. Submitted April 4, 1918. Decided May 6, 1918.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia on verdict in an action to recover damages for personal injuries.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an action in tort brought in the supreme court of the District of Columbia to recover damages for personal injuries sustained by appellee, Josephine B. White, plaintiff be-

low, as the result of her falling into a hole in the parking on one of the streets of the city of Washington.

It appears that at the point where the accident occurred the space between the curb and the building line of the street was 16 feet. Eight feet was a paved sidewalk, and 8 feet between the walk and the curb was reserved as a parking in which ornamental trees had been planted. The paved walk and parking were on the same level. The hole was in the parking immediately inside of the curb.

From a verdict and judgment in favor of plaintiff the District has appealed.

*Mr. Conrad H. Syme,* Corporation Counsel, and *Mr. P. H. Marshall,* Assistant, for the appellant, in their brief cited:

*Adams Co.* v. *Prunier,* 74 Misc. 529; *Aldrich* v. *Wetmore,* 52 Minn. 172; *B. P. R. Co.* v. *Golway,* 6 App. D. C. 143; *Bank* v. *Burns,* 120 N. W. 626; *Blecher* v. *Estes,* 99 Me. 316, 59 Atl. 439; *Bradbury* v. *Cony,* 62 Me. 227, 16 Am. Rep. 449; *Buffalo Structural Steel Co.* v. *Dickinson,* 98 App. Div. 355; *Capital Traction Co.* v. *Apple,* 34 App. D. C. 559; *Chicago City R. Co.* v. *Strong,* 127 Ill. App. 472, affirmed in 230 Ill. 58; *Cilley* v. *Bartlett,* 19 N. H. 324; *Clark* v. *Lebanon,* 63 Me. 395; *Clements* v. *P. E. P. Co.* 26 App. D. C. 482; *Consolidated Ice Mach. Co.* v. *Trenton, etc., Ice Co.* 57 Fed. 898; *District of Columbia* v. *Donalson,* 38 App. D. C. 259; *Dotey* v. *District of Columbia,* 25 App. D. C. 232; *Driscoll* v. *Gatcomb,* 112 Me. 289; *Ewers* v. *Nat. Imp. Co.* 63 Fed. 562; *Ewing* v. *Chase,* 37 App. D. C. 53; *Finney* v. *District of Columbia,* 45 W. L. R. 726; *Flood* v. *R. R. Co.* 102 Minn. 81; *Garside* v. *Ladd Watch Case Co.* 17 R. I. 691; *Harrington* v. *Worcester, L. & S. Street R. Co.* 157 Mass. 581, 32 N. E. 955; *Heffron* v. *Gallupe,* 55 Me. 563, 566; *Howes* v. *District of Columbia,* 2 App. D. C. 188; *Kelly* v. *Moore,* 22 App. D. C. 9; *Mattox* v. *United States,* 146 U. S. 140; *Newell* v. *Ayres,* 32 Me. 334; *Ortman* v. *U. P. R. Co.* 32 Kan. 419; *Peppercorn* v. *Black River Falls,* 89 Wis. 38; *Pool* v. *R. R. Co.* 6 Fed. 844; *Railway Co.* v. *Cooper,* 32 App. D. C. 550; *Rush* v. *R. Co.* 70 Minn. 5; *Stampofski* v.

*Steffen,* 79 Ill. 303; *State* v. *Hascall,* 6 N. H. 361; 2 Thomp. Trials, secs. 904, 2605, p. 1888; *Trafton* v. *Pitts,* 75 Me. 408; *Twaddle* v. *Mendenhall,* 80 Minn. 177; *Wade* v. *Ordway,* 1 Baxter, 299; *Wolf* v. *District of Columbia,* 21 App. D. C. 464; *Woodward* v. *Leavitt,* 101 Mass. 453.

*Mr. James A. Toomey* and *Mr. V. L. Toomey* for the appellee.

*Mr.* Justice VAN ORSDEL delivered the opinion of the Court:

The first assignment of error relates to the refusal of the court to strike out the testimony of Dr. Flynn, a witness for plaintiff, who testified that at a consultation he had with plaintiff's physician, he was given a history of her case, and, "from the symptoms stated by the patient and from the conditions stated by her," he diagnosed the case as traumatic appendicitis resulting from some injury, which diagnosis was subsequently confirmed in an operation. Witness admitted that he could not have diagnosed the case as traumatic appendicitis "without the previous history of the case, and without knowledge communicated to him that there had been an injury." Such information furnishes the basis for the opinion or conclusion arrived at in almost every diagnosis,—certainly in cases where the trouble arises from accident. In the motion to strike, the ground of objection was not stated, which would justify a refusal to consider the assignment of error. *District of Columbia* v. *Woodbury,* 136 U. S. 450, 34 L. ed. 472, 10 Sup. Ct. Rep. 990; *District of Columbia* v. *Duryee,* 29 App. D. C. 327, 10 Ann. Cas. 675. But the evidence was clearly admissible. *Washington, A. & Mt. V. R. Co.* v. *Fincham,* 40 App. D. C. 412; *Washington & O. D. R. Co.* v. *Slyder,* 43 App. D. C. 95, 99.

The second assignment of error relates to the refusal of the court to admit a police regulation offered by defendant. The regulation as set out in the record reads as follows: "Pedestrians * * * should cross the street at a right angle, preferably at a regular crossing at the end of a block."

While it is true that plaintiff crossed the street diagonally and at a point between crossings, it is difficult to see the relevancy of this regulation, which is not mandatory, but merely advisory, and which relates to street traffic, a matter not here involved. The regulation in no way relieves the District from liability for negligence arising from the defective condition of the parking. Plaintiff's negligence, if any, consisted in crossing the parking at the point and in the manner she did, which was submitted to the jury on proper instructions as to contributory negligence.

The third, fourth, fifth, and sixth assignments of error relate to the alleged variance between the declaration and the proof as to the location of the hole into which plaintiff fell, and the measure of responsibility imposed upon the District with reference to spaces not intended for pedestrian travel. The declaration charges that the accident occurred through plaintiff falling into "a large hole in and upon the west sidewalk on said Second street, northwest," of the existence of which defendant had full notice; while the proof shows that the hole was not in the paved sidewalk, but in the parking.

Generally speaking, "the sidewalks of the city of Washington extend from the curb line bounding the carriageway of the street, to the building line of the houses." *Dotey* v. *District of Columbia,* 25 App. D. C. 232, 235. There is undoubtedly a distinction between the portion of the sidewalk space which is paved for the use of pedestrians and the portion reserved for parking or tree space. In the case of *Finney* v. *District of Columbia,* 47 App. D. C. 48, we held that a small space reserved from the paved sidewalk for a tree, under a plan of the District for the propagation of ornamental trees, was not technically a part of the sidewalk for the use of pedestrians. Pedestrians tramping over such a space would not tend to aid the propagation of ornamental trees. In that case, however, we were careful to point out the liability of the city for negligently failing to keep such spaces in safe condition.

In the *Finney Case,* a small space had been reserved from a paved sidewalk within the general sidewalk space. Here, a continuous parking, 8 feet wide, extended along the paved

sidewalk and within the general sidewalk space. While the description in the declaration of the point where the accident occurred is, perhaps, inapt, we do not think there is such a variance as to justify a reversal of the judgment. The cause of the accident and the place where it occurred were clearly proved by witnesses for the defendant, so that no surprise can be claimed. The case of *District of Columbia* v. *Donaldson,* 38 App. D. C. 259, is not analogous. There, the declaration described the accident as due to a fall occasioned by a defect in a paved portion of the sidewalk, while the proof showed that plaintiff was injured by slipping on a path leading across the parking from the paved sidewalk to the street. If the plaintiff here had specifically located the hole which caused the accident in the paved portion of the sidewalk space, when, in fact, it was in the parking, there would have been some analogy to the *Donaldson Case.*

But it is claimed that the degree of care due the plaintiff from defendant was not so great as that which it would have been obliged to extend had the hole been in the paved portion of the sidewalk. This is undoubtedly true. The distinction is clearly pointed out in *Howes* v. *District of Columbia,* 2 App. D. C. 188, 192, 193, where the court held that a pedestrian may assume that the paved portion of the sidewalk, or that reserved for the ordinary purposes of travel, is maintained in good condition, and he is not required to keep his eye glued upon the walk for the purpose of avoiding pitfalls; but he is required to be on his guard when traveling on or across the parking or tree spaces, or those portions of the sidewalk not specially reserved for the use of travel. This distinction was clearly stated to the jury in the instructions given by the trial justice in the present case. Hence, defendant is left without ground for complaint.

Error is assigned because of the misconduct of a juror who, during the course of the trial, of his own motion, went to the place where the accident happened and viewed the situation. This was more than a year after the accident occurred. The hole, of course, had been filled and the conditions changed. The question was first raised by motion for a new trial, coun-

sel for the District not being advised of the conduct of the juror until after the trial had closed. On the hearing of the motion, the court considered evidence by way of affidavits, and decided that defendant had not been prejudiced. This was largely a matter within the discretion of the trial court to determine. *Kelly* v. *Moore,* 22 App. D. C. 9, 29. Of course, if it appeared that defendant's rights had been prejudiced materially by the conduct of the juror, we would not hesitate to overrule the judgment of the court below; but from a careful examination of the evidence we are satisfied that the court reached a proper and just conclusion.

Errors are assigned upon the refusal of the court to grant certain instructions offered by counsel for defendant. The charge of the court was very full and complete, covering sufficiently the features of the case, especially the matters embraced in the prayers refused. The case was skilfully tried, and the charge contained a clear expression of the law of the case. We find no reversible error.

The judgment is affirmed, with costs.          *Affirmed.*