Frances BRODER, Appellant,

v.

DISTRICT OF COLUMBIA, a municipal
corporation, Appellee.

No. 3022.

Municipal Court of Appeals for the
District of Columbia.

Argued Sept. 10, 1962.

Decided Oct. 10, 1962.

John E. Kennahan, New York City, with
whom Joseph D. Bulman, Sidney M. Gold-
stein, and Arthur S. Feld, Washington,
D. C., were on the brief, for appellant.

John R. Hess, Asst. Corp. Counsel, with
whom Chester H. Gray, Corp. Counsel,
Milton D. Korman, Principal Asst. Corp.
Counsel, and Hubert B. Pair, Asst. Corp.
Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN
and MYERS, Associate Judges.

MYERS, Associate Judge.

This is an appeal from a summary judg-
ment granted at pretrial to the defendant
municipality upon a complaint filed by ap-
pellant, a pedestrian for damages result-
ing from a fall while crossing a grass
plot between the street curbing and side-
walk.

The complaint charges that the District
violated its duty to maintain this area in a
reasonably safe condition for pedestrian
safety "in that the roots of the tree lo-
cated in the grass plot * * * were al-
lowed to become dangerously exposed so
that said roots were unlevel, broken, ir-
regular and abruptly elevated from the sur-
rounding grass plot," and that as a result
appellant was caused to fall. Certain photo-
graphs were admitted into the record with
a stipulation that they fairly reflected the
character of the tree space, "to-wit, one
or more large gnarled roots growing in
tortuous fashion across the surface of the
land."

Appellant contends that whether the appellee was negligent in maintaining this area was a question of fact to be determined by a jury and that the court, therefore, erred in entering an order for summary judgment at pretrial.

Summary judgment was granted on the ground that "the District is entitled to immunity from liability as a matter of law" in these circumstances. We are not in accord with this reasoning, but we find summary judgment was properly granted, although we sustain this action on different grounds.[1] The question presented is not one of "immunity" but whether the District was not negligent, *as a matter of law,* in failing to remedy the root condition in the grass plot.

 As part of a general plan in effect over many years in the District of Columbia for the propagation of ornamental and shade trees throughout the city, space has been left between the traffic curbing and pedestrian sidewalk for the planting and growth of trees. To cultivate, preserve and replace trees in this allotted space as part of the beautification of the nation's capital and for the enjoyment and comfort of its residents and its innumerable visitors is within the powers of the District. This space is not a part of the sidewalk, nor is it intended to be used as such. However, this does not obviate the responsibility of the District to exercise reasonable care in the construction and maintenance of the area so that it will not be a menace to pedestrian safety. The District is liable for injuries caused by construction defects or improper maintenance of such spaces.[2] Whether the area was in a dangerous condition is usually a question of fact for the jury.

 In the cases we have examined the injured parties have based their claims for damages upon dangerous conditions in grass plots due to holes,[3] uneven depressions of the surface where the ground has been washed and tramped out,[4] and the presence of a hitching post,[5] all of which were properly submitted to juries for determination of whether the District had been negligent in permitting a dangerous condition to exist. In the present case, however, appellant relies, as proof of a dangerous and defective condition, upon the presence of exposed roots growing along and above the surface of the tree planting area, and alleges the District should be liable for injuries she sustained when she fell over them as she crossed this section between the street curbing and sidewalk. We do not agree. Roots which arise above the surface of the ground, as here, do not, as a matter of law, create a dangerous condition for which the District is liable. In the course of normal and expected growth of trees, roots are put forth to assure healthy development. It is common knowledge that they frequently extend along the surface of the ground for several feet. Indeed, the sight of a large tree gives notice to one who approaches that roots probably protrude from it. In this case, the roots were exposed in the plot allotted for them and are lawful obstructions which require no correction by the District within that area, although an extension of the root growth into the traffic area or pedestrian sidewalk might pose a different standard of care and responsibility upon the District.

1. Paton v. District of Columbia, D.C.Mun. App., 180 A.2d 844; Jones v. District of Columbia, D.C.Mun.App., 123 A.2d 364.

2. Finney v. District of Columbia, 47 App. D.C. 48, 51.

3. District of Columbia v. White, 48 App. D.C. 44; District of Columbia v. Donaldson, 38 App.D.C. 259.

4. Finney v. District of Columbia, supra, note 2.

5. District of Columbia v. Duryee, 29 App. D.C. 327.

It would be unreasonable to place upon the District the burden of maintaining these grass plots free from natural growth of roots. A dangerous hole serves no useful purpose and should be filled, but roots are essential to the life of a tree. Removing them or interfering with their natural growth because of an occasional accident would be inconsistent with the policy of the District of planting and cultivating trees for comfort and beautification. Furthermore, it would be difficult if not impossible for the District to determine what roots or other growths might be considered legally dangerous or a menace to pedestrian safety in this limited area so as to require their removal.

We find no error by the Court in considering the admitted facts at pretrial and in granting summary judgment when it was clear there was no genuine issue of fact to support liability.

Affirmed.