**Ada S. NEWMAN, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 1677-63.**

United States District Court
District of Columbia.

Nov. 4, 1965.

---

Burton Yavener and Paul Shiffman, Washington, D. C., for plaintiff.

Arnold T. Aikens, Asst. U. S. Atty., for defendant.

HOLTZOFF, District Judge.

This is an action against the United States under the Federal Tort Claims Act to recover damages for personal injuries sustained by the plaintiff as a result of a fall into a hole in a paved passageway or walkway controlled by the United States. It was open to the public and was an access route for pedestrians visiting the Washington Monument in this City.

The plaintiff, with other members of her family, had visited the Washington Monument at about 9 o'clock in the evening on April 19, 1963. After completing their visit she and the other members of her family walked back from the Monument across the paved walkway that surrounded it, in order to reach the place where they had parked their car. As they were crossing the public walkway she slipped into a hole and fell. According to the testimony of Government witnesses there was a depression or a hole in the pavement at the northwest corner of the Monument, which is the depression or hole into which the plaintiff fell.

The park guard supervisor, called as a witness by the Government, testified that this hole was about three feet in diameter and ten to twelve inches deep, and that the ground had given way at that point. He immediately placed barricades around the hole and attached a lighted lantern to them, after his attention was called to the happening of the accident.

Thus, there is no dispute or controversy over the presence or the size of the hole. It was not a minor depression or defect, such as we occasionally encounter in actions brought by pedestrians who claim to have stumbled over a depression in the street or on a highway. This was a serious defect.

■ It is well established that the liability of the United States in a case such as this is the same as that of the District of Columbia as to its streets or highways. The rule is, of course, that while neither the District of Columbia nor the United States, in respect to highways controlled by the United States, is an insurer of the safety of every passenger, nevertheless it is under an obligation to maintain its highways and roadways in a reasonably safe condition for travel in the ordinary mode, McNamara v. United States, D.C., 199 F.Supp. 879, 882; Campbell v. District of Columbia, 64 App.D.C. 375, 378, 78 F.2d 725.

■■ The Government agency, in order to be charged with liability, must have had either actual or constructive notice of the existence of the defect. Constructive notice depends upon the length of time during which the defect existed, that is whether the time was sufficient to charge the agency with notice. The Court finds as a fact that there is no proof in this case as to how long this defect existed and, therefore, constructive notice on the part of the United States has not been established by a fair preponderance of the evidence. This case, however, is not governed by that principle.

■ Government witnesses testified that the hole was caused by a leak in a water line that ran underneath the road-

way and, specifically, that the leak was in a faulty coupling. The Government testimony further was to the effect that such a faulty leak creates seepage and that in time it may result in a sudden collapse of the surface. Apparently it is the theory of the Government that this is what happened in this case; there was a sudden collapse of the ground underneath the pavement as a result of the continuous leak. One of the Government witnesses, who was an expert plumber of long experience and who investigated the leak, testified that in his opinion it was caused by the fact that the joint had originally been improperly or badly installed by the contractor who had constructed it. The Court is of the opinion and concludes that the Government is liable, not on the basis of any notice of the existence of the hole, because no notice has been established, but on the theory that its contractor, for whose actions it is responsible, originally installed the pipe and the joint improperly and negligently, and that this negligence was the proximate cause of the accident which happened perhaps years later.

The Court may also call attention to the fact that this case is different in principle from Firfer v. United States, 93 U.S.App.D.C. 216, 208 F.2d 524, which involved an accident in the vicinity surrounding the Jefferson Memorial. There the Court pointed out that the injured plaintiff went into an area that was not available to visitors and that therefore he took upon himself the risk of unconcealed dangers. In this instance the plaintiff was a licensee by invitation. She was in an area open to the public and, in fact, an area that the public was invited to use for the purpose of visiting the Washington Monument.

■ There remains the question of contributory negligence. The Government claims that the plaintiff should have seen the hole and should have avoided it. As learned counsel for the Government quite candidly concedes, a pedestrian is under no legal obligation to look out for defects in a public highway, especially those portions of the highway that are open to the public and are intended for the use of pedestrians. A pedestrian need not keep his eyes focused on the ground as he walks. In Howes v. District of Columbia, 2 App.D.C. 188, 193, it was said that a pedestrian "is not required to be on the lookout for pitfalls in that part of the public highway," referring to the portion of the sidewalk reserved for ordinary purposes of travel. So, too, in District of Columbia v. White, 48 App.D.C. 44, 49, it was said that the pedestrian "is not required to keep his eye glued upon the walk for the purpose of avoiding pitfalls." In the last mentioned case the Court distinguished between the pedestrian who walks upon the portion of the sidewalk that is intended for pedestrian use and a pedestrian who proceeds across a parking or a tree space or those portions of the sidewalk not specifically reserved for the use of travel.

■■ The burden of proof on the issue of contributory negligence is on the defendant. The Court is of the opinion that contributory negligence has not been established by a fair preponderance of the evidence. The plaintiff had a right to assume that there were no dangerous holes in the pavement. She saw other people walking back and forth in safety. She had walked across to the Monument safely. She was on her way back, possibly deviated a few feet from the path that she had previously taken, and found herself in this hole.

The Court is of the opinion and concludes that the plaintiff is entitled to recover, and we shall now resume the trial on the issue of the amount of damages.

*On the Issue of Damages*

■ In this case it appears that the plaintiff sustained a sprain of her left ankle and a fracture of a bone in the left ankle. The fracture healed, practically completely. The sprain was healed. No doubt at the time of the injury and for some time thereafter the plaintiff suffered acute pain. The opinion of Dr. Talbott, called as a witness by the Gov-

ernment, is that there are no residual effects of the two injuries.

The plaintiff claims that she has developed arthritis in her left ankle as a result of the injury. Dr. Talbott expressed it as his opinion that such arthritis as she has in her left ankle is not the result of this injury but is a natural process such as affects most people as their age advances. He supports his opinion by an analysis of the condition of both ankles, finding that there is arthritis in each one practically to the same degree.

The Court will allow the following damages: as special damages, the bill of the Washington Sanitarium, $15; the bill of Clinch Valley Clinic Hospital, which includes fees charged by Dr. Henderson, $177.50; cab fare, $50; a total of $232.50. The Court will disallow payment for outside help made in 1964 because there is not sufficient proof that the help was necessitated by the accident. The Court will allow for pain and suffering $800, and will render judgment for a total of $1,032.50 in favor of the plaintiff as against the defendant.

A transcript of the Court's oral decisions, both on the issue of liability and on the issue of damages, will constitute the findings of fact and conclusions of law.